UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEAL J. PHILLIP SR. and LY T. PHILLIP,<br><br>    Plaintiffs,<br><br>v.<br><br>QUALIFIED WEST LLC, et al.,<br><br>    Defendants. | 2:10-CV-1856 JCM (LRL) |

**ORDER**

Presently before the court is plaintiffs Neal and Ly Phillip's motion to remand. (Doc. #6). Defendant Bank of American has responded (doc. #9), and plaintiffs have replied (doc. #10).

The instant dispute arises from plaintiff's loss of personal property following defendant Bank of America's re-keying of their home. Plaintiffs filed suit in the Eighth Judicial District Court, District of Nevada on April 13, 2010, alleging seven claims for relief, including general and special damages in excess of $10,000. The defendants filed notice of removal on October 22, 2010. Plaintiffs dispute this removal, arguing that it was untimely and that the defendants have failed to meet the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332.

**I.    Timeliness**

Pursuant to 28 U.S.C. § 1446(b), a defendant can remove an action to federal court at any time within thirty days of receipt of a paper from which removability can be determined if the case is not removable by the initial pleading. Plaintiffs request that the court grant their motion to remand, arguing first that the petition for removal was untimely.

**James C. Mahan**
**U.S. District Judge**

1   The court finds that plaintiffs' September 30, 2010, settlement letter was the first document to quantify the amount of damages sought to be at least $95,000. No prior representation met the jurisdictional requirement. Accordingly, Bank of America's October 22, 2010, removal was timely, as it was filed within 30 days of receipt of this document. 28 U.S.C. § 1446(b).

## II.  Amount in Controversy Requirement

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . . ." Where multiple plaintiffs are involved and the claims are derived from rights that they hold in group status, the claims shall be deemed common and undivided. *Eagle v. ATT*, 769 F.2d 541, 546 (9th Cir. 1985). Plaintiffs argue in the motion to remand that the court should not aggregate their claims for purposes of evaluating the jurisdictional amount in controversy requirement.

The court agrees with the defendant that the source of plaintiffs' claim for special damages, lost family photographs, is properly characterized as property held in group status as husband and wife. Thus, the amount in controversy is greater than $75,000, because plaintiffs have alleged that their individual claims are worth $42,500 each. Whereas the parties are also of diverse citizenship, removal was appropriate under 28 U.S.C. § 1332.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand is hereby DENIED.

DATED January 14, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -